IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 401 NORTH WABASH VENTURE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10 C 1962 |
| ASCHER BROTHERS CO., INC.; RICHARD N. ASCHER; and DAVID R. ASCHER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ascher Brothers Co., Inc. performed painting and wall covering work in a mixed-use commercial and residential high rise building in Chicago developed by 401 North Wabash Venture, LLC (Wabash). Ascher Brothers filed a mechanic's lien on the property. In response, Wabash filed this action, based on diversity jurisdiction, to quiet title and seeking punitive damages against the company and two of its principals, Richard and David Ascher. Subsequently, Ascher Brothers filed an action in Illinois state court to foreclose its mechanic's lien. Ascher Brothers has moved to dismiss this case, arguing that Wabash has failed to join necessary parties and that joinder of those parties would defeat complete diversity and divest this Court of jurisdiction. For the reasons stated below, the Court denies the motion.

### Background

When considering a motion to dismiss a complaint for failure to state a claim, the Court accepts the facts stated in the complaint as true and draws reasonable

inferences in favor of the plaintiff. *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agr. Implement Workers of Am.*, 538 F.3d 583, 587 (7th Cir. 2008).

Wabash is the developer of the Trump International Hotel & Tower, a mixed-use commercial, hotel, and residential high rise located at 401 North Wabash Avenue, Chicago. The residential portion of the building consists of condominiums. Wabash holds an ownership interest in the property, including ownership of all condominiums that have not yet been sold.

In March 2007, an agent for Wabash entered into a contract with Ascher for painting and wall covering services in the building. The contract price for the work was originally five million dollars, and during the course of the work several change orders were entered that raised the price to six million dollars. In October 2009, after most of the work had been completed and Ascher Brothers had been paid roughly five million dollars, Ascher Brothers signed a lien waiver confirming that total contract price was $5,905,389.

On February 24, 2010, Wabash prepared a final accounting of the Ascher Brothers contract, which included all adjustments from the change orders as well as credits due to Wabash for work that had originally been included in the contract but ultimately was not completed. Wabash calculated that the final amount owed on the contract was $5,241,013, of which Ascher Brothers had already been paid $5,025,083. Ascher Brothers disputed the final contract amount and refused to sign the accounting.

On February 23, 2010, one day before Wabash provided its final accounting, Ascher Brothers filed a notice of claim for a mechanic's lien with the Cook County Recorder of Deeds. In the notice of claim, Ascher Brothers asserts that the final

contract amount for the work it performed for Wabash is $9,180,373.

On March 29, 2010, Wabash filed this lawsuit. It alleges the mechanic's lien is invalid because it falsely claims Wabash owes Ascher Brothers over four million dollars beyond what is actually due. Wabash alleges that the lien places a cloud on its title to the property and prevents it from exercising exclusive possession, dominion, and control over the property. In count one, Wabash asks the Court to quiet title and declare that Wabash owns the property free and clear of any purported interest of Ascher Brothers. In count two, Wabash claims that the mechanic's lien constitutes a "false and malicious publication of a claim that Ascher knows is baseless," namely, that Wabash owes Ascher Brothers over four million dollars. Wabash alleges it has suffered and will continue to suffer damages as a result of the assertion of the lien, including costs incurred to post bonds in amounts in excess of the lien claim. In count three, Wabash seeks punitive damages for Ascher Brothers' conduct.

On May 14, 2010, six weeks after Wabash filed this suit, Ascher Brothers filed a complaint in Illinois state court to foreclose the lien. The foreclosure action names as defendants Wabash, the condominium association, the lender, the construction manager, a credit corporation, and known and subsequent purchasers of condominium units and their lenders.

Ascher Brothers has moved to dismiss Wabash's claims in the present case. Ascher Brothers argues that Wabash has failed to join all the necessary parties to the action and that as a result the case should be dismissed under Federal Rule of Civil Procedure 12(b)(7) . Specifically, Ascher Brothers contends that Wabash only owns part of the building, not all of it, and has failed to join as plaintiffs the other parties with

3

ownership interests in the building, including the condominium association, which represents the interests of condominium owners in the common spaces of the residential portion of the building, and individual condominium unit owners. This Court's jurisdiction over Wabash's claim sounds in diversity – Wabash is a citizen of New York, and Ascher Brothers is an Illinois citizen. According to Ascher Brothers, the absent parties, some of whom are Illinois citizens, are necessary and indispensable parties under Federal Rule of Civil Procedure 19. Ascher Brothers also contends that the missing parties are properly aligned as plaintiffs. For this reason, their joinder would destroy complete diversity of the parties and divest this Court of subject matter jurisdiction. Ascher Brothers thus seeks to dismiss Wabash's claims. In the alternative, Ascher Brothers moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court should abstain from hearing this case while the mechanic's lien foreclosure action is pending in state court.

## Discussion

**A. Failure to join absent parties**

In its motion to dismiss, Ascher Brothers argues that Wabash has failed to join all necessary parties to its claim and that joinder of those parties would defeat diversity and divest this court of jurisdiction.

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and when the case is between citizens of different states. 28 U.S.C. § 1332(a)(1). When evaluating whether there is diversity of citizenship, the Court considers the citizenship of all named parties in addition to that of unnamed indispensable parties and

4

real parties in interest.  *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *see also CCC Info. Servs., Inc. V. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

It is undisputed that there is complete diversity of citizenship between the named parties in this case.  Therefore, the relevant inquiry is whether Wabash's failure to join the other condominium owners and the condominium association (the "absent parties") justifies dismissal under Federal Rule of Civil Procedure 12(b)(1).  To determine this, the Court must determine whether the absent parties are necessary and indispensable under Federal Rule of Civil Procedure 19.

    1.    Compulsory counterclaim

Before the Court reaches the Rule 19 analysis, it addresses an argument made by Wabash at the outset of its response to the motion to dismiss.  Wabash argues that rather than being filed in state court, Ascher Brothers' claim to foreclose its lien should have been filed as a compulsory counterclaim in this case under Federal Rule of Civil Procedure 13(a).  Were this a compulsory counterclaim, Ascher Brothers could join all other parties needed for settlement of the mechanic's lien without defeating this court's diversity jurisdiction.  Fed. R. Civ. P. 13(a); *By-Prod Corp. v. Armen-Berry* Co., 668 F.2d 956, 960 (7th Cir. 1982) ("a compulsory counterclaim requires no independent federal jurisdictional basis.")

Rule 13(a)(1) establishes that "a pleading must state as a counterclaim any claim that – at the time of service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court

5

cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). The first of these requirements appears to be satisfied here. Ascher Brothers' claim to foreclose its lien arises out of the same transaction or occurrence that is the subject matter of Wabash's claim: whether Ascher Brothers can validly claim a lien on title to Wabash's property or whether, instead, the lien waiver it signed in October 2009 is binding.

The second Rule 13(a)(1) requirement also appears to be satisfied. Under Illinois law, a claim to foreclose a mechanic's lien does require joinder of other parties, namely "the owner of the premises, the contractor, all persons in the chain of contracts between the claimant and the owner, all persons who asserted or may assert liens against the premises under this Act, and any other person against whose interest in the premises the claimant asserts a claim." 770 ILCS 60/11(b). This would include the absent condominium owners, mortgage holders, and perhaps the condominium association. But there is no basis in the record to believe that the Court would have any trouble acquiring jurisdiction over these parties.

Ascher Brothers does not address Wabash's compulsory counterclaim argument in its reply brief. As noted above, it appears to the Court that Ascher Brothers' action to foreclose the lien, which was filed after Wabash filed this lawsuit, may indeed satisfy the Rule 13(a) requirements for a compulsory counterclaim. Because the Court's decision does not depend on a final determination of whether it is a compulsory counterclaim, however, the Court proceeds to evaluate the parties' arguments concerning the application of Rule 19.

2. Rule 19(a) analysis

Under Federal Rule of Civil Procedure 19(a)(1), a party must be joined if:

6

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Analysis of whether a party must be joined under Rule 19 involves a two-step process. First, a court must determine whether the party in question is a necessary party. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). To make this decision, the court looks to whether full relief can be granted in the party's absence, whether the party's ability to protect its interest will be adversely affected, and whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations in the party's absence. *See, e.g.*, *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). If the court decides the party in question is a necessary party but that it cannot be joined in the lawsuit, the court then moves to Rule 19(b) and determines whether the lawsuit can continue in the party's absence. *Thomas*, 189 F.3d at 667; Fed. R. Civ. P. 19(b).

Ascher Brothers contends the other condominium owners and the condominium association are necessary parties under Rule 19(a). First, Ascher Brothers argues that allowing this litigation to proceed without the absent parties may impair or impede the ability of those parties to protect their interests. Ascher Brothers further argues that if the absent parties are not joined, "there is a substantial risk that Defendants would face

7

the prospect of double, multiple, or otherwise inconsistent obligations if they are required to litigate the validity and extent of the lien claim against Plaintiff in federal court, and then against the other interest holders in state court." Def.'s Mem. in Support of Mot. to Dismiss at 8. Finally, Ascher Brothers argues that the parties are necessary because Wabash is seeking punitive damages. It argues that if Wabash is successful in obtaining punitive damages, the absent parties may be precluded from obtaining them in any subsequent litigation over the lien, or Ascher Brothers potentially may be exposed to multiple impositions of punitive damages for the single act of filing the lien.

### a. Impact on the interests of absent parties

Ascher Brothers argues that the absent parties must be joined under Rule 19 because without them, there is a risk that this case may "impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 19(a)(1)(B)(I). This is so, it argues, because Wabash and the absent parties have a "joint interest regarding the Ascher Mechanic's Lien." Def.'s Mem. In Support of Mot. to Dismiss at 8. Wabash disputes this characterization of the facts. It argues that it seeks only to quiet title to its share of the building and that the interests of the absent parties are at no risk of being impaired by a judgment in this case.

Although Ascher Brothers focuses on the absent parties' interest concerning its mechanic's lien and the Illinois rules governing an action to foreclose a mechanic's lien, the fact remains that the action Wabash has filed in this Court is a suit seeking to quiet its title. Wabash's original complaint used broader language that suggested it was seeking to quiet title in Wabash and to invalidate the mechanic's lien with regard to the

8

entire building. Wabash clearly no longer owns the entire building, however, and in its response to the motion to dismiss, it has limited its claims to a claim to quiet title in those portions of the building it owns. The Court therefore limits its analysis to Wabash's claims as expressed in its response to the motion to dismiss and notes that if Wabash were in fact seeking to quiet title in the whole building, Ascher Brothers' argument would have substantially more force.

Ascher Brothers has cited no authority, and the Court has found none, indicating that a condominium owner must join all other condominium owners before bringing an action to quiet his own title. In support of its argument, Ascher Brothers cites *McShan v. Sherrill*, 283 F.2d 462, 463-64 (9th Cir. 1960). In *McShan*, the issue was whether the court could issue a declaration that plaintiffs owned certain parcels of land, including land that records indicated may have been owned by persons not before the court. *Id*. The court held that the absent parties who potentially owned the land were necessary parties because if the court granted plaintiff's request, it potentially would be divesting those parties of an ownership interest in the land without giving them a chance to be heard. In this case, by contrast, Wabash is not seeking a declaration of ownership or invalidity of the lien with regard to any portion of the property except that which it owns. A judgment from this Court as to Wabash's title in its portion of the building would not be legally binding on the interests of any absent condominium owners. *See Emalfarb v. Krater*, 266 Ill. App. 3d 243, 248, 640 N.E.2d 325, 328 (1994) (party deemed not necessary for joinder, and therefore since it "was not joined as a party, it will not be bound by a judgment in this case.") (citing *Feen v. Ray*, 109 Ill. 2d 339, 348 (1985)).

The Court concludes, however, that allowing Wabash to proceed with this action to quiet its title may as a practical matter impact the ability of other condominium owners to do the same with regard to their title. Ascher Brothers argues that to decide this case, the Court will have to determine "whether Ascher Brothers has a blanket mechanic's lien against all or part of the residential parcel of Trump Tower, or whether the [mechanic's] lien must be apportioned or allocated in whole or in part among the condominium units." Def.'s Reply Mem. at 6. Further, in its response to the motion to dismiss, Wabash contends (and Ascher Brothers does not dispute) that Ascher Brothers signed a lien waiver with Wabash. A lien waiver establishes a *prima facie* defense to a mechanic's lien claim. *Lazar Bros. Trucking, Inc. v. A&B Excavating, Inc.*, 365 Ill. App. 3d 559, 563, 850 N.E.2d 215, 219 (2006).

To decide Wabash's quiet title claim, there is a decent chance that the Court will have to make findings about the extent of the mechanic's lien, and it appears likely that the Court will have to determine the effect, if any, of the lien waiver. It is reasonable to believe that findings on these issues may have a practical effect on any similar claims subsequently filed by absent parties. The Court concludes that allowing this case to proceed may as a practical matter impact the ability of the individual condominium unit owners, who are not parties to this suit, to protect their interests in court. This makes them necessary parties for purposes of Rule 19(a)(1)(B)(I).

      b.    *Multiple or inconsistent obligations*

Although the Court has already determined that certain absent parties are necessary under Rule 19(a)(1)(B)(I), it proceeds briefly to analyze Ascher Brothers' other arguments for why the absent parties are necessary parties. Ascher Brothers

contends that if it is required to litigate the extent of the mechanic's lien in federal court with respect to Wabash and in state court with respect to other owners, it risks double, multiple, or inconsistent judgment obligations. Therefore, it argues, the absent parties are necessary under Rule 19(a)(1)(B)(ii). Though it is possible that the cases may result in inconsistent judgments, this is not the same as inconsistent obligations. Nothing that could result from this case, including the canceling of the Ascher Brothers' lien as it relates to the Wabash-owned portion of the property, would render Ascher Brothers unable to comply with another court's order to the contrary with regard to a different portion of the property. *See Davis Cos.,* 268 F.3d at 485 (there was no overlap between ownership share of a company that was allegedly offered to plaintiff and that allegedly offered to an absent party and therefore no substantial risk of inconsistent obligations even if each transaction resulted in separate litigation). The Court concludes that the absent parties are not "necessary" based on the risk of inconsistent obligations under Rule 19(a)(1)(B)(ii).

Ascher Brothers also argues that the absent parties are necessary under Rule 19 because Wabash is seeking punitive damages. It contends that if Wabash succeeds in its claim for punitive damages, either the absent parties will be precluded from seeking punitive damages, or Ascher Brothers will be impermissibly subjected to multiple punitive damages awards. In support, it cites a district court decision from the District of New Jersey from 1989, which held that multiple punitive damages awards against a single company arising out of its use of asbestos violated that company's right to due process. *Juzwin v. Amtorg Trading Corp.*, 718 F. Supp. 1233, 1235-36 (D.N.J. 1989).

The courts of this circuit have not held that multiple punitive damages awards arising from a single course of conduct violate a defendant's due process rights. In the event Wabash is successful in obtaining punitive damages against Ascher Brothers and an absent party seeks similar punitive damages in a later similar suit, it will be up to the jury in the later suit to determine whether Ascher Brothers needs to be further deterred such that an additional punitive damages award is appropriate. *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 868 (7th Cir. 1994).

3.   Rule 19(b) analysis

If a necessary party cannot be joined without depriving a court of diversity jurisdiction, a court must turn to Rule 19(b) to determine whether a party is so indispensable to the litigation that the court cannot "in equity and good conscience" proceed without the absent party. Fed. R. Civ. P. 19(b); *Kreuger v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993). Rule 19(b) requires that a court weigh four factors when determining the indispensability of an absent party: the potential prejudice to the absent party flowing from a judgment rendered without the party; the extent to which that prejudice can be mitigated by the shaping of relief or other protective provisions of the judgment; the adequacy of the judgment in the absence of the party; and whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b). The determination of whether parties are indispensable is "complex, and determinations are case specific." *Republic of Philippines v. Pimental*, 128 S. Ct. 2180, 2191 (2008).

Ascher Brothers argues that the fourth factor in particular weighs in favor of a finding of indispensability. Wabash would have an adequate remedy if the action were

dismissed for non-joinder, Ascher Brothers argues, because it could simply file its quiet title claim in Illinois state court. The Court agrees that this factor weighs in favor of indispensability.

The Court finds, however, that the other three factors weigh in favor of a determination that the absent parties are not indispensable. Ascher Brothers argues that the first and third Rule 19(b) factors – potential prejudice to the absent party and adequacy of the judgment in that party's absence – are answered by a finding that the party is necessary under rule 19(a). This is incorrect. *Extra Equipamentos e Exportacao, Ltda. v. Case Corp.*, 361 F.3d 359, 362 (7th Cir. 2004). In *Extra Equipamentos*, the Seventh Circuit held that the 19(b) inquiry is separate and distinct from the 19(a) inquiry and found that even if a party is necessary under 19(a), a court may still determine that the case can proceed without prejudice to that party under 19(b) if the absent party's interests are aligned with the interests of the party before the court. *Id.* at 364 ("given the complete identity of interests . . . we find it hard to see how [the absent party] can be harmed by not being made party to the suit.")

In this case the risk of actual harm to the absent parties is, in the Court's view, minimal. As noted above, a determination about the scope of the lien waiver and the applicability of the mechanic's lien to Wabash's portion of the property may have the practical effect of influencing a different court considering the same issues regarding one or more of the absent parties, particularly with respect to the common areas of the condominium, and may also have a persuasive effect in similar litigation involving the absent parties. As Ascher Brothers itself notes, however, "there is no question that the Absent Parties are naturally aligned with the Plaintiff with respect to the Ascher

13

Mechanic's Lien claim. . . . The absent Parties have the very same interest as the Plaintiff . . . [and] there is no adversity between the Plaintiff and the Absent Parties with regard to the Plaintiff's action." Def.'s Mem. in Support of Mot. to Dismiss at 10. The Court agrees that given this alignment of interests, there is no good reason to believe that the absent parties would be prejudiced by allowing Wabash's claim to proceed without them. If anything, Wabash, as the largest single owner of condominiums, is likely to be more zealous in protecting the interests of condominium owners than would any other individual owner, given the expense involved in litigating a quiet title action.

Finally, the third factor – adequacy of the judgment without the absent parties before the court – also weighs against a finding of indispensability. A ruling from this Court would be adequate to resolve Wabash's quiet title motion without inclusion of any of the absent parties.

The Court therefore determines that even if the absent parties are necessary parties under Rule 19(a), this case can still proceed because those parties are not indispensable under Rule 19(b).

**B.   Abstention**

1.   *Colorado River* abstention

Ascher Brothers argues that even if the absent parties are not necessary and indispensable under Rule 19, this case should be stayed pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), pending resolution of the mechanic's lien foreclosure case. "Abstention from the exercise of federal jurisdiction is the exception, not the rule," *Id.* at 813, and may be invoked only in those

14

"exceptional circumstances" in which abstention "would clearly serve an important countervailing interest." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1996) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

A district court must conduct a two-part inquiry to determine if abstention is appropriate under *Colorado River*. First, the court must determine whether the state and federal suits are parallel. If it concludes that they are, the court then considers several factors to determine if there are exceptional circumstances that justify abstention. *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

For actions to be parallel, it is not necessary that there be formal symmetry between them; generally "a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (internal quotations omitted). To determine whether two suits are parallel, a district court "should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues." *Tyrer*, 456 F.3d at 752.

In this case, both the state and federal actions involve a dispute over title to portions of the building at 401 North Wabash. In this case, Wabash seeks to quiet title in its portion of the building in the face of the mechanic's lien that Ascher Brothers had filed. In the state claim, Ascher Brothers seeks to foreclose that lien against the entire building. Despite these differences, the Court concludes (and Wabash does not dispute) that the claims are parallel for purposes of the *Colorado River* analysis.

The Court therefore turns to whether this case presents an "exceptional circumstance" sufficient to justify abstention. Based on the Supreme Court's guidance in *Colorado River* and in *Moses v. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-27 (1983), the Seventh Circuit has identified ten factors to consider in this analysis. These are:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the current forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 755. In determining whether exceptional circumstances exist, there remains a "general presumption against abstention." *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003).

Ascher Brothers argues that these factors "weigh[] heavily in favor of abstention" because "[i]t would be inconvenient for the parties to proceed in both forums at once, and proceeding with this case would result in piecemeal litigation." Def.'s Mem. in Support of Mot. to Dismiss at 13. The Court accepts Ascher Brothers' claim of inconvenience, and acknowledges the possibility of multiple lawsuits if multiple owners seek separately to quiet their title in portions of the building. The relevant law in both cases is also state law, and there is no indication that Wabash's rights could not be fully protected in state court.

The mechanic's lien foreclosure case, however, was filed after this case. Based on the parties' filings, it is possible and perhaps probable that Ascher Brothers' state

law claim should have been asserted as a compulsory counterclaim in this lawsuit, which would have avoided the problem of multiple lawsuits entirely. Further, the state law case is not substantially further along than this case. Though Ascher Brothers suggests that this is a factor weighing in favor of abstention, because both cases are in their early stages, the Court views it differently. The fact that the state litigation is also in its early stages means there is no compelling reason to abstain, because allowing this case to proceed will not undermine or undo a state action that is close to being concluded or that has even progressed substantially. The Court concludes that the case does not present an "exceptional circumstance" justifying abstention under the *Colorado River* doctrine.

    2.    *Burford* abstention

In the alternative, Ascher Brothers argues that this Court should abstain from hearing this case under the abstention doctrine presented in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Seventh Circuit has identified two circumstances in which *Burford* abstention is appropriate. First, courts should abstain from deciding "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the present case." *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990). Second, courts should abstain "from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.*

Ascher Brothers argues that both circumstances are present here. It first argues that mechanic's lien claims involve "difficult questions of state law which bear on policy

problems of substantial public import, *i.e.*, the resolution of claims to title to real estate."
Def.'s Mem. in Support of Mot. to Dismiss at 14. The case that Ascher Brothers cites in support of this argument, however, is a case from the Fifth Circuit in which the court was conducting a Rule 19 analysis, not evaluating whether to abstain under *Burford*. *See Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 888 (5th Cir. 1979). The Court has already conducted its Rule 19 analysis.

In its reply brief, Ascher Brothers also argues that the Illinois Supreme Court has noted that the Mechanic's Lien Act is "technical and complex," and that "in the last year alone, there have been numerous Illinois court decisions struggling to interpret various provisions of the Lien Act." Def.'s Reply Mem. at 14. The mere fact that a law is complex and that courts are called upon to interpret it, however, does not mean it is a "difficult question of state law" or that law in the area is unsettled. The provision of the Mechanic's Lien act that is relevant to Ascher Brothers' concerns about litigating in this forum is, in fact, quite clear in its statement that all of the parties must be before the court in an action to foreclose a mechanic's lien.

In addition, as the Court has already noted, Wabash's claim in this case is a suit to quiet title, not to foreclose a mechanic's lien, and Ascher Brothers has presented nothing that indicates that quiet title actions present "difficult question of state law" or that there are public policy issues at stake whose importance "transcend[s] the result of the present case." *Hartford*, 913 F.2d at 425. Though a state doubtless has a significant interest in cases involving title to real estate, there is nothing to suggest that mechanic's liens or actions to quiet title involve unsettled areas of the law that would best be left to state courts to administer.

Ascher Brothers also argues that "the exercise of federal jurisdiction in this case would disrupt the comprehensive regulatory scheme enacted by the Illinois General Assembly as embodied in the Lien Act" and therefore would disrupt Illinois' efforts to develop a coherent policy with regard to mechanic's liens. Def.'s Mem. in Support of Mot. to Dismiss at 14. Ascher Brothers argues that because the Lien Act calls for the joining of all parties who may be affected by a lien, allowing this case to proceed would upset the approach laid out by the Lien Act.

Once again, the Court notes that Ascher Brothers' filings treat Wabash's claim as one to foreclose the mechanic's lien to the entire property, rather than one to quiet title. As discussed above, Wabash's filing in response to the motion to dismiss clarifies that it seeks to quiet only its own title. This action would not have any binding effect on the validity of Ascher Brothers' lien as it applies to other owners. The Court therefore concludes that this action would not, in fact, disrupt the Lien Act's purpose of bringing all relevant parties before a court before ruling on the validity of a mechanic's lien. The Court therefore declines to abstain on *Burford* grounds.

**Conclusion**

For the reasons stated above, the Court denies Ascher Brothers' motion to dismiss [docket no. 20]. The case is set for a status hearing on September 21, 2010 at 9:30 a.m. for the purpose of setting a pretrial schedule. Counsel are directed to confer to attempt to agree on a schedule to propose to the Court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 13, 2010